LIZHU ZHANG, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 09–73244.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 17, 2012.*

Filed Jan. 24, 2012.

* The panel unanimously concludes this case is
suitable for decision without oral argument.
See Fed. R.App. P. 34(a)(2).

Maria Christina Flores, Law Office of Maria Flores, San Gabriel, CA, for Petitioner.

Rebecca Ariel Hoffberg, Esquire, Trial, Oil, Jem C. Sponzo, Esquire, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Lizhu Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.2010), and we deny the petition for review.

■ Substantial evidence supports the agency's adverse credibility determination because of numerous unexplained inconsistencies in Zhang's testimony, and between his testimony and written declaration, regarding significant aspects of his claim. *See id.* at 1045–48 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances"); *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir.2005) (repeated and significant inconsistencies deprived claim of the requisite "ring of truth"). In the absence of credible testimony, Zhang's asylum and withholding of removal claims

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

██ Because Zhang's CAT claim is based on the same testimony found to be not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to China, his CAT claim also fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**